REDMANN, Judge.
Plaintiffs in July 1974 subleased part of a building being constructed, agreeing to pay any increase in real estate taxes “after the first full year that the demised premises shall be assessed as improved property.” [1] (Emphasis added.) The land upon which the building today stands had been assessed as of January 1 (tax day) in 1973 as vacant land with a $211.65 tax, and in 1974 (six months prior to plaintiffs’ sublease) as land and improvement (because building construction had begun by January 1, 1974) with a $1,326.50 tax. Construction was completed before January 1, 1975, and the tax for 1975 was $2,764.94 for land and the entire building.
Plaintiff brought this action for a declaratory judgment after defendant billed plaintiff for the 1976 tax increase (and later that of 1975) above the 1974 tax. The trial judge agreed with defendant. We reverse.
First we note as a matter of law, that the “demised premises” (the part of *1255 the building subleased to plaintiffs) are not separately assessed at all and thus are not “assessed as improved property.” Louisiana assesses the land together with all improvements by one assessment.
Second, as a matter of fact, the “demised premises” were not yet assessed as of January 1, 1974 because the “demised premises” were not yet in existence (although a part of them were, in that construction had begun and the land existed). Thus, to the extent that it can be said that the demised premises are assessed because included within the assessment of land and the whole building, it cannot be said that the demised premises were assessed prior to January 1, 1975, the first tax day after their existence.
Third, there is no assessment in Louisiana for a partial year, and therefore “the first full year that the demised premises shall be assessed as improved property” makes no sense. The word full would have no meaning.
Fourth, if in July 1974 the lessor intended that the January 1974 taxes should be the base above which increases should be paid (notwithstanding that construction was not yet complete in January), why should the lease use such complicated language instead of “In the event the real estate taxes shall hereafter be increased”?
 We conclude that the quoted language of this contract will not support the construction that defendant urges. The best defendant might argue is that there is a doubt as to the meaning of that language; but La.C.C. 1958 [2] would oblige a construction favorable to plaintiffs because defendant drafted the contract.
We construe the'contract to provide that the “demised premises,” that is, the completed leased part of the building, had to be assessed (included within the assessment), that is, must have had its effect upon the assessment as of January 1 of the tax year (the probable meaning of the otherwise inexplicable “first full year”), before the amount of taxes for the year constitutes the base above which increases are payable by plaintiffs.
Reversed; judgment for plaintiffs at defendant’s cost, that 1975 is “first full year that the demised premises [were] assessed as improved property.”

. In the event the real estate taxes levied and assessed against the demised premises shall be increased after the first full year that the demised premises shall be assessed as improved property, then and in that event, the Lessee shall pay as additional rent, the amount of any increase, within ten (10) days after demand, and upon delivery to Lessee of photo copies of the tax bill for the first full year as assessed property and any tax bill showing any increase as herein provided, in proportion to the square feet demised herein bears to the total square footage of the entire building.

. But if the doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted, whether he be obligor or obligee.